IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03143-TPO

ISLANDY RIVERO BUSTO,

    Petitioner,

v.

TODD M. LYONS, in his official capacity as
Acting Director, U.S. Immigration and Customs Enforcement;
ROBERT HAGAN, in his official capacity as
Field Director of the Denver Field Office; and
JOHNNY CHOATE, in his official capacity as
Warden of the Denver contract Detention Facility,

    Respondents.

---

## TEMPORARY RESTRAINING ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petitioner's Motion for a Temporary Restraining Order and/or a Preliminary Injunction [ECF 12] and the Memorandum in Support of the Motion for Temporary Restraining Order and/or a Preliminary Injunction [ECF 13]. Pursuant to 18 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF 11. Having reviewed Petitioner's Motion [ECF 12] and Memorandum in Support [ECF 13], and having reviewed the operative case law, the Court **grants the Motion in part** and **reserves ruling on the Motion in part**.

*Background*

On October 6, 2025, Petitioner filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 1]. On October 28, 2025, once again acting pro se, Petitioner filed an Amended Petition under 28 U.S.C. § 2241 [ECF 4]. On November 21, 2025, Petitioner, this time

through counsel, filed an Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 7].

On December 2, 2025, Petitioner filed a Motion for a Temporary Restraining Order and/or a Preliminary Injunction [ECF 12] accompanied by a Memorandum in support of Motion for Temporary Restraining Order and/or Preliminary Injunction [ECF 13]. In the Memorandum, Petitioner states that he "is a native and citizen of Cuba who entered the United States in 2003 through a diversity visa program." ECF 7 at 1.[1] In 2011, an immigration judge ordered Petitioner's removal.[2] *Id*. Petitioner later pleaded guilty to and was convicted of fraud charges in or around 2014. *Id*. at 10. Instead of being deported at that time, he was released by immigration authorities on an Order of Supervision, which mandated annual check-ins with Immigration and Customs Enforcement (ICE). *Id.* at 1, 11. Around 2019, Petitioner was detained and placed in immigration custody for six months for missing an annual check-in but was not removed at that time either. *Id.* at 11.

Then on June 12, 2025, while Petitioner was living in Miami, Florida, Petitioner alleges that ICE detained him at his annual check-in without a warrant and without notifying Petitioner about any changes to his Order of Supervision. *Id.* at 11. Since his detention, Petitioner has "endured terrible conditions," *id.* at 1, and has been moved "from Florida to Texas, then to Colorado, to Texas, to Colorado, to Arizona, and back to Colorado again." *Id.* at 11. Currently, he is being held in the Denver Contract Detention Facility. *Id.* at 10. According to the Petition, "ICE officers have verbally threatened or offered to deport [Petitioner] to Mexico, El Salvador, Costa

---

[1] Due to the errors in paragraph numbering throughout the Amended Petition [ECF 7], the Court refers to page numbers instead of paragraph numbers.

[2] Respondent clarifies that Petitioner was initially ordered removed following a conviction in Florida for fraudulent use of a credit card in 2010. ECF 20 at 2.

Rica, and 'Africa' generally." *Id.* at 11. Petitioner alleges an ICE officer told him he "would be indefinitely detained until the current government administration changes" if he did not agree to be deported. *Id.* at 12. He alleges Respondents' actions have violated: the Immigration and Nationality Act, 8 U.S.C. § 1231(a) and (b), Petitioner's substantive and procedural due process rights, and the presumptively reasonable period of detention discussed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 689-90 (2001). *See id.* at 12-18.

Petitioner, upon information and belief, alleges "Respondents are seeking to remove [Petitioner] to Mexico, despite there being no evidence that they have complied with the statute in designating a third country of removal." ECF 12 at 1. Petitioner seeks a temporary restraining order (TRO) to prevent his removal to another country and his transfer to another District pending resolution of these proceedings. *See id.* at 1, 6.

*December 8, 2025 Hearing*

On December 8, 2025, this Court issued a Minute Order setting the matter for a Telephonic Conference Hearing on Petitioner's Motion for Temporary Restraining Order [ECF 12]. ECF 16. The Parties appeared as required before this Court for a Hearing. At that time Respondents did not agree to a Temporary Restraining Order, instead requesting the Court consider the information from its forthcoming Response to the Habeas Petition, including the Declaration to the Response.

Following the Hearing, Respondents filed their Response. ECF 20. The Court has now read and considered Respondents' Response [ECF 20] as well as the attached Declaration of Ms. Rosa Escareno [ECF 20-1].

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 65(b), the Court may issue a TRO, even without written or oral notice to the adverse party. Here, however, Respondents were afforded notice as the Motion for a

3

Temporary Restraining Order and/or Preliminary Injunction [ECF 12] and the Memorandum in Support [ECF 13] were both filed publicly through the ECF/PACER system after Respondents' counsel had appeared in the case [ECF 8].

A TRO is intended to "preserv[e] the status quo and prevent[] irreparable harm" until a hearing is held on the merits of the preliminary injunction. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). By its very name, this remedy is a temporary one. *See* Fed. R. Civ. P. 65(b)(2) (TROs may last up to 14 days unless they are extended for good cause or the adverse party consents to a longer extension).

After reviewing the Amended Petition [ECF 7], Motion [ECF 12], and Memorandum in Support [ECF 13], this Court finds that Petitioner has provided sufficient evidence to support the Court's issuance of a TRO precluding Petitioner's transfer outside of the District of Colorado and removal from the United States to a country other than Cuba while this Court considers the merits of Petitioner's motion for preliminary injunctive relief. Petitioner, who has been in custody for approximately six months following the revocation of an Order of Supervision, brings numerous constitutional claims to support his release, including violations of: the Immigration and Nationality Act, 8 U.S.C. § 1231(a) and (b), substantive and procedural due process, and the presumptive time to deport an individual with a pending Order of Deportation as described in *Zadvydas*, 533 U.S. at 689-90. *See* ECF 7 at 12-18.

In their Response, Respondents ask the Court to deny the Amended Petition for three reasons. ECF 20 at 2. First, Petitioner has failed to demonstrate that his detention is unreasonable under the standard established in *Zadvydas*. *Id.* Second, Petitioner has failed to demonstrate that Respondents have not followed the relevant procedures to remove an individual subject to removal to a third country. *Id.* And finally, any deficiency in the process of revocation of Petitioner's

4

supervised release would not entitle him to habeas relief. *Id.* The Court expresses no opinion as to the merits of Petitioner's claims or Respondents' defenses at this time, other than to note that some or all Petitioner's claims do not appear to be frivolous.[3]

For purposes of the present Motion for Temporary Restraining Order, much of the evidence appears to be undisputed. Petitioner describes the number of times that he has been transferred while in custody during the six months since his recent arrest. *See* ECF 7 ¶ 37 (describing transfers from Florida to Texas, to Colorado, back to Texas, back to Colorado, to Arizona, and back to Colorado for a third time). Respondents' Declaration confirms many of these transfers. ECF 20-1 ¶¶ 22-24, 29-30. This information justifies the necessity of the TRO to maintain the status quo, i.e., to ensure that the Petitioner is not transferred outside of the District of Colorado prior to a hearing on the proposed preliminary injunction. Additionally, Respondents' Declaration confirms Petitioner's allegations that Respondents are actively seeking to remove him from the United States. ECF 20-1 ¶ 35 ("On December 2, 2025, [Enforcement and Removal Operations] ERO submitted its nomination for removal to Mexico and it is pending approval."). Petitioner's concern that he may be transferred from this District or removed from the United States before this Court may address the merits of his Petition are thus credible, and such transfer or removal "would call into serious question the Court's ability to maintain jurisdiction over this action." *Hom v. Ceja*, No. 25-cv-02221-WJM-TPO, 2025 WL 2801449 (D. Colo. Sept. 17, 2025) (citations omitted). Because Petitioner is entitled to due process of law, *see Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*), the Court finds it necessary to issue this temporary injunctive relief to prevent the

---

[3] This Court notes Chief Judge Philip A. Brimmer's recent opinion granting a similar Petition for Writ of Habeas Corpus in *Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333 (D. Colo. Nov. 24, 2025).

imminent threat of irreparable harm, *see A.A.R.P. v. Trump*, 605 U.S. 91, 94-95 (2025) (finding temporary injunctive relief necessary to prevent deportation before the merits of due process challenge can be heard), until the Court can hear from the Parties on the Petitioner's request for a Preliminary Injunction. The Court also notes that there appears to be no prejudice to Respondents by temporarily maintaining the status quo, especially considering this Court's intent to promptly rule on the Petition. *See Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990) (discussing importance of accelerating writs of habeas corpus proceedings).

Multiple courts within and outside of this District have entered TROs in similar cases involving immigration-related habeas petitions to avoid the Petitioner's removal from the country and/or transfer from the district in which the habeas petition is filed. *See e.g., Batooie v. Ceja*, No. 25-cv-02059-DDD-STV,[4] 2025 WL 1836695, at *1 (granting temporary restraining order "[t]o protect the status quo"); *D.B.U. v. Trump*, No. 25-cv-01163-CNS, 2025 WL 1106556 (D. Colo. Apr. 14, 2025); *Flores Mendoza v. Baltazar*, No. 25-cv-03475-RMR at ECF 14 (D. Colo. Nov. 4, 2025); *Rodriguez-Gutierrez v. Noem*, No. 25-cv-02726-BAS-SBC, 2025 WL 3199439 (S.D. Cal. Oct. 20, 2025). Therefore, the Court concludes that temporary injunctive relief is necessary, and the All Writs Act authorizes this Court to enter this relief. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

**ORDER**

1) As to Petitioner's request for a Temporary Restraining Order, this Court **GRANTS** the request. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to preserve this Court's jurisdiction, Defendants **SHALL NOT REMOVE** Petitioner from the District of Colorado or from the United States <u>until the Court can hear additional information from</u>

---

[4] Due to the unavailability of the assigned district judge, the opinion on the TRO was issued by District Judge Gordon P. Gallagher.

<u>the Parties at the Hearing on the Preliminary Injunction</u>, or until one of the following occur:

    a. this Court or the Court of Appeals for the Tenth Circuit vacates the Order, or
    b. Petitioner is removed to Cuba.

**2)** As to Petitioner's request for a Preliminary Injunction, this Court **RESERVES RULING**. The Court will hear from the Parties on Petitioner's Motion for a Preliminary Injunction as part of the Hearing on the Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 12]. That Hearing will be held on **Wednesday, December 17, 2025, at 9:00 a.m.** Should the Parties intend to call live witnesses at that Hearing, the Parties should file Joint Witness and Exhibit Lists on the docket by **Monday December 15, 2025**, by the close of business, identifying the anticipated time needed for direct examination.

SO ORDERED.

DATED at Denver, Colorado, this 9th day of December, 2025.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge